IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of )<br>)<br>META PLATFORMS, INC., )<br>INSTAGRAM, INC., WHATSAPP LLC, )<br>META PLATFORMS TECHNOLOGIES, )<br>LLC and GIPHY, INC., )<br>)<br>)<br>Applicants. ) | C.A. No. _____ |

**APPLICATION FOR THE ISSUANCE OF A SUBPOENA AD TESTIFICANDUM AND SUBPOENA DUCES TECUM PURSUANT TO 35 U.S.C. § 24 TO LEONID SIGAL**

Pursuant to 35 U.S.C. § 24, Applicants Meta Platforms, Inc.; Instagram, Inc.; WhatsApp LLC; Meta Platforms Technologies, LLC; and GIPHY, Inc. (collectively, "Applicants") hereby apply for the issuance of (1) a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, and (2) a Subpoena to Testify at a Deposition (collectively, the "Subpoenas"), both directed to Leonid Sigal. The proposed Subpoenas are respectively attached hereto as Exhibits 1 and 2. The purpose of these Subpoenas is to obtain discoverable information on a single and narrow issue in connection with a proceeding titled *Meta Platforms, Inc. v. VL Collective IP LLC*, IPR2023-00924 currently pending before the Patent Trial and Appeal Board ("Board") at the United States Patent and Trademark Office ("PTO").

In support of this Application, Applicants represent as follows:

1. On May 24, 2023, Applicants filed a petition for *inter partes* review ("IPR"), challenging the validity of all claims 1–16 of U.S. Patent No. 7,436,980 ("'980 Patent"). *Meta Platforms, Inc. v. VL Collective IP LLC*, IPR2023-00924, Paper 3 (P.T.A.B. May, 24, 2023).

2. VL Collective IP LLC is the Patent Owner and current assignee of the '980 Patent, and a real party-in-interest in the IPR proceeding.

3. On December 6, 2023, the Board instituted *inter partes* review of the '980 Patent. *Meta Platforms*, Paper 11 (P.T.A.B. Dec. 6, 2023).

4. On January 16, 2024, Applicants filed a Motion ("Motion") for Authorization to Compel Testimony and Production of Documents Under 37 C.F.R. § 42.52(a) with the Board. This Motion requested authorization to compel discovery concerning the public availability of a paper titled "Tracking Loose-limbed People" ("TLP") before May 27, 2004. *Meta Platforms*, Paper 17 (P.T.A.B. Jan. 16, 2024). A true and correct copy of TLP is attached as Exhibit 3.

5. On February 22, 2024, the Board issued an Order granting Applicants the right to compel production of documents and testimony concerning the public availability of TLP from the following individuals:

   i. Leonid Sigal—first-named author of TLP and first-named inventor of the '980 Patent;

   ii. Sidharth Bhatia, Stefan Roth, Michael Black, and Michael Isard—other named authors of TLP; and

   iii. Ying Zhu and Dorin Comaniciu—the other inventors of the '980 Patent.

*Meta Platforms*, Paper 25 (P.T.A.B. Feb. 22, 2024). A true and correct copy of the Board's Order is attached as Exhibit 4.

6. Leonid Sigal is a natural person and United States citizen who on information and belief resides in Vancouver, British Columbia, Canada.

7. Pursuant to 35 U.S.C. §24, a subpoena to compel the production of documents and the attendance of a witness to give testimony in a matter pending before the Board must be issued by the United States court for the District in which the testimony is to be taken. That Section provides, in relevant part:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

8. An applicant can also obtain non-party documents by subpoena pursuant to 35 U.S.C. § 24, with or without a deposition. *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1166–67 (10th Cir. 2016) ("And by all accounts that's at least one reason why Congress eventually adopted what is now § 24—to help the PTO secure needed evidence from recalcitrant nonparties by giving parties to its proceedings the power to seek and obtain subpoenas enforceable in federal court. A rationale that seems to extend not just to nonparty testimony but equally and independently to their documents." (internal citations omitted)).

9. Further, a court may issue a subpoena directed to a United States national who is in a foreign country if the particular testimony is "necessary in the interest of justice" and "it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner." 28 U.S.C. § 1783(a); *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 525 (D. Colo. 2003) (§ 1783 subpoena issued to U.S. citizen in Germany); *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 19-05404, 2019 WL 11504668 at *4 (C.D. Cal. Sept. 26, 2019). 28 U.S.C. § 1783(b) specifically provides that service of a subpoena "shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." Rule 4(f) provides the procedure for serving an individual in a foreign country, which includes "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Courts have recognized that service by "other means" includes, for example, by email. *See, e.g.,*

*Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342–44 (E.D.N.Y. 2021) (service by email to party in Germany acceptable under Rule 4(f)(3) because no requirement to attempt service through Hague Convention first); *Blackbird Cap. LLC v. Worth Grp. Cap., LLC*, No. 21-00037, 2022 WL 464234, at *2 (D. Utah Feb. 15, 2022) (authorizing service by email to individual in Canada, noting "Hague Convention does not expressly prohibit service by email").

10. This Application is proper pursuant to 35 U.S.C. § 24 because the Subpoenas seek narrowly-tailored information concerning the public availability of TLP before May 27, 2004 that is highly relevant to an ongoing IPR proceeding; the Subpoenas meet all the statutory requirements for issuance under 35 U.S.C. § 24; and Applicants will comply with the applicable provisions of the Federal Rule of Civil Procedure 45 (as well as Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1783).

Accordingly, Applicants respectfully request that the Court grant this Application and enter an order requiring the Clerk issue the Subpoenas attached hereto as Exhibits 1 and 2 to compel Leonid Sigal to produce documents and other information and to attend a deposition concerning the public availability of TLP before May 27, 2004. A proposed order is filed herewith for the Court's consideration.

|  |  |
|---|---|
| April 5, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Karen Jacobs*<br>_____<br>Karen Jacobs (#2881)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>kjacobs@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Applicants Meta Platforms, Inc., Instagram, Inc., WhatsApp LLC, Facebook Technologies, LLC and Giphy, Inc.* |